MOHASCO INDUSTRIES, INC., A New York Corporation Which Does Business as Alexander Smith Carpets, Appellant, *v.* ANDERSON HALVERSON CORPORATION, a Nevada Corporation, and UNITED RESORT HOTELS, INC., Which Does Business as Stardust Hotel, a Nevada Corporation, Respondents.

No. 7136

March 26, 1974                    520 P.2d 234

*Streeter, Sala & McAuliffe,* of Reno, and *L. Earl Hawley,* of Las Vegas, for Appellant.

*Jones, Jones, Close, Bilbray, Kaufman & Olsen, Ltd.,* of Las Vegas, for Respondent United Resort Hotels, Inc.

*Foley Brothers,* of Las Vegas, for Respondent Anderson Halverson.

## OPINION

By the Court, THOMPSON, C. J.:

Alexander Smith Carpets, a division of Mohasco Industries, Inc., brought this action to recover $18,242.50 for specially fabricated carpet which it manufactured and delivered for installation in the hotel lobby and casino showroom of the Stardust Hotel at Las Vegas, Nevada.[1] The Stardust had refused to pay since the carpet "shaded" excessively giving it

---

[1]The defendants were United Resort Hotels, Inc., doing business as Stardust Hotel, and Anderson Halverson Corporation, the retail seller and installer of the carpet.

a mottled effect and the appearance of being water stained. The trial court found that its refusal to pay was justified, and denied recovery to the plaintiff. This appeal followed.

1. The relevant facts are these. One Fritz Eden, an interior decorator selected and hired by Stardust, designed a pattern for the carpet to be used in the hotel lobby and casino showroom. A sample run of the chosen pattern was taken to the hotel by Eden, and was approved. Eden then specified the material and grade of carpet which the Stardust also approved. The Stardust then issued a detailed purchase order designating the type and length of yarn, weight per square yard, type of weave, color and pattern. No affirmation of fact or promise was made by any representative of Alexander Smith Carpets, the seller, to Stardust, the buyer. The carpet which was manufactured, delivered and installed was consistent with the sample (cf. Mobile Housing, Inc. v. Stone, 490 S.W.2d 611 (Tex.Civ. App. 1973)), and precisely conformed to the detailed purchase order. There were no manufacturing defects in the carpet. Cf. Santor v. A. and M. Karaghensian, Inc., 207 A.2d 305 (N.J. 1965).

Upon installation, however, the carpet did shade and, apparently, to a much greater extent than the Stardust or its representative had anticipated. It is clear from the testimony that "shading" is an inherent characteristic of all pile carpeting. When the tufts of the carpet are bent in different angles, the light reflection causes portions of the carpet to appear in different shades of the same color. The only explanation in the record for the "excessive shading" was that Fritz Eden, the decorator for Stardust, decided not to specify the more expensive "twist yarn." That type yarn causes the tufts to stick straight up (or at least tends to do so) thus aiding in the elimination of excessive shading.

The trial court found that the sale of the carpet was a sale by sample which was made a part of the basis of the bargain and created an express warranty that the carpet delivered for installation would conform to the sample. Moreover, that the express warranty was breached by the seller, thus precluding its claim for relief.[2] The judgment entered rests squarely upon that finding.

---

[2]NRS 104.2313.   1. Express warranties by the seller are created as follows:

(a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain

That finding is clearly erroneous. The installed carpet conformed precisely to the description of the goods contained in the purchase order. Moreover, it conformed precisely to the sample which the buyer approved. Whether the sale be deemed a sale by description or by sample, in either event the express warranty of conformity was met. The seller delivered the very carpet which the buyer selected and ordered.

Although there is substantial evidence to support the trial court's finding that the installed carpet shaded excessively, that consequence may not be equated with a breach of an express warranty since the seller delivered and installed the very item which the buyer selected and ordered. Had the buyer, through its interior decorator, selected the more expensive carpet with "twist yarn," perhaps this controversy would not have arisen. The buyer, not the seller, must bear the consequence of that mistake.

2. As already noted, the judgment below rests upon an erroneous finding that the seller breached an express warranty that the whole of the carpet would conform to the sample which the buyer had approved. The buyer suggests, however, that the judgment should be sustained in any event since it is otherwise clear that the seller breached the implied warranties of merchantability and fitness. We turn to consider this contention.

a. Unless excluded, or modified, a warranty of merchantability is implied in a contract if the seller is a merchant with respect to the goods in question.[3] We have not, heretofore, had

---

creates an express warranty that the goods shall conform to the affirmation or promise.

(b) any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

[3]NRS 104.2314. 1. Unless excluded or modified (NRS 104.2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

2. Goods to be merchantable must be at least such as:

occasion to consider the impact, if any, of the implied warranty of merchantability upon a case where the goods are sold by sample or description and the buyer's specifications are so complete that it is reasonable to conclude that he had relied upon himself and not the seller with regard to the merchantability of the goods. In a related context, that of a building contractor who performed his work in accordance with detailed plans and specifications supplied by the owner, we have ruled that he may recover for his services even though his work may not have fully accomplished the purposes intended. Home Furniture, Inc. v. Brunzell Construction Company, 84 Nev. 309, 314, 440 P.2d 398 (1968).

It is apparent that in a case where the sample or description of the goods may, for some reason, result in an undesirable product, the seller is placed in a dilemma. In Hawkland, A Transactional Guide to the Uniform Commercial Code, sec. 1.190206, at 65, the following example is given. Suppose a buyer provides his seller with minute specifications of the material, design and method of construction to be utilized in preparation of an order of shoes, and the seller delivers to the buyer shoes which exactly conform to the specifications. If the blueprints are in fact designs of defective shoes, the buyer should not be able to complain that the shoes are defective. For such an order might put the seller in the dilemma of being forced to breach either the express warranty of description or the implied warranty of merchantability.

The matter at hand is similar to the example just given. Although the carpet was not defective, it did shade excessively and was, in the view of the buyer, an undesirable product. Yet, it was the product which the buyer specified and ordered. The manufacturer-seller was not at liberty to add "twist yarn" and charge a higher price. The buyer relied upon its decorator,

---

(a) Pass without objection in the trade under the contract description; and

(b) In the case of fungible goods, are of fair average quality within the description; and

(c) Are fit for the ordinary purposes for which such goods are used; and

(d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) Are adequately contained, packaged and labeled as the agreement may require; and

(f) Conform to the promises or affirmations of fact made on the container or label if any.

3. Unless excluded or modified (NRS 104.2316) other implied warranties may arise from course of dealing or usage of trade.

Fritz Eden, and the seller performed as directed. In these limited circumstances we conclude that the reasoning of Home Furniture, Inc. v. Brunzell Construction Company, supra, applies with equal force to this case. More precisely, we hold that the implied warranty of merchantability is limited by an express warranty of conformity to a precise description supplied by the buyer, and if the latter warranty is not breached, neither is the former.

b. "Where the seller at the time of contracting had reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified . . . an implied warranty that the goods shall be fit for such purpose." NRS 104.2315.

Buyer reliance is lacking in this case. The buyer used its own judgment, made its own selection and supplied the seller with detailed specifications which omitted twist yarn. A warranty of fitness may not be implied in these circumstances.

3. The judgment for United Resort Hotels, Inc., doing business as Stardust Hotel is reversed, and since there is no dispute concerning the amount of the plaintiff's claim, the cause is remanded to the district court to enter judgment for the plaintiff against the said defendant for $18,242.50, together with appropriate interest and costs.

The plaintiff also sued Anderson Halverson Corporation, the retail seller and installer of the carpet. Since the findings of fact do not apprise this court of the view of the trial court on this claim for relief, we set aside the judgment for that defendant in order that appropriate findings and judgment may be made and entered on this aspect of the case.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.